**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SONIA MARBAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** 22-CV-2559 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EGG HARBOR CAFE II, INC.** | ) | **Plaintiff Demands** |
| | ) | **Trial By Jury** |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff Sonia Marban ("Plaintiff" or "Marban"), by her attorneys, Daniel I. Schlade and James M. Dore/Dore Law Offices LLC, complains against Egg Harbor Cafe II, Inc. ("Egg Harbor" or "Defendant"), and in support of this Complaint, states:

**Jurisdiction and Venue**

1. This is an action for sexual harassment and battery, and it is brought under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. § 1981a, the Civil Rights Act of 1866 as codified by 42 U.S.C. § 1981; the Illinois Human Rights Act, 775 ILCS 5/101, *et. seq.*; and related state law tort claims.

2. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the laws of the United States, specifically Title VII, 42 U.S.C. 2000e, and 42 U.S.C. 1981; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

3. This case involves claims for sexual harassment, battery, and retaliation.

## Parties

4. Plaintiff Marban is a female, who currently resides in Waukegan, Illinois. She was formerly employed by Defendant Egg Harbor.

5. Defendant Egg Harbor is an Illinois corporation that operates a chain of restaurants specializing in breakfast food. It is a Delaware corporation registered to do business in the state of Illinois, and that operates a facility at 512 N. Western Avenue, Lake Forest, Illinois 60045. Egg Harbor employs in excess of 20 individuals, and thus it is a covered employer under Title VII.

## Exhaustion of Administrative Remedies

6. On February 24, 2021, Marban filed a charge of discrimination against Egg Harbor with the EEOC, Charge No. 440-2021-02557, alleging sexual harassment and gender discrimination against Egg Harbor.

7. On March 17, 2022, Plaintiff received a Notice of Right to Sue from the EEOC. *See* Exhibit A, attached hereto. On or about April 10, 2022, Plaintiff received a Notice of Dismissal including a right to sue from the Illinois Department of Human Rights. *See* Exhibit B, attached hereto. Plaintiff filed this Complaint within ninety (90) days of receipt of the aforementioned notices from both the EEOC and the IDHR. Plaintiff has fully complied with all prerequisites to jurisdiction to this Court under Title VII and the Illinois Human Rights Act.

## Statement of Facts

8. Marban began working at Egg Harbor in or about January 2018. At all relevant times she was employed by Egg Harbor as a dish washer, and she worked in the kitchen.

9. At all relevant times, Marban was the only woman working in the EHC kitchen. Her employment was terminated on or about October 26, 2020.

10. Beginning in June 2019, three employees in the kitchen began harassing Marban. “Eddie”, “Pedro” and “Daniel” started poking fun of her and flirting with her. They began by asking her if she was married, did she have a boyfriend, and making other romantic advances.

11. As time persisted, these advances continued to escalate, until they started to become physical, and in one instance Eddie pinched Sonia, which incident was witnessed by another EHC employee (who had not been harassing her).

12. The employee who witnessed this incident told Sonia that she should not have to endure such behavior and harassment, and he advised her to file a report with EHC Human Resources (“HR”) department. Shortly thereafter, a report was filed regarding the incidents that Sonia had to endure (the “Report”).

13. After the Report, three EHC managers, “Lisa,” “Bruce,” and “Jaime” brought in all of the EHC employees, except Marban, to discuss the incidents.

14. After this meeting, Lisa met with Marban and told her “we’ll fire them if we have to fire them [Eddie, Pedro and Daniel], we’ll take care of it.” However, neither Lisa nor anyone else in EHC HR or management did anything to discipline Eddie, Pedro and Daniel; and their harassing behavior persisted throughout the rest of 2019.

15. Beginning in 2020 the harassing behavior directed towards Marban escalated further. Eddie would call Sonia “my love”, invite her to his house for sex when his wife wasn’t home, and he invited her to parties.

16. When Sonia would rebuff Eddie’s advances, he would become petulant and throw plates or Tupperware at her while she was manning her dishwashing station.

17. Additionally, Sonia would have to retrieve cleaning supplies from the EHC closet alone, and Eddie would often follow her into the closet to harass her.

18. Pedro's harassing behavior also escalated in 2020. When Sonia would pass out water to ECH employees during meal breaks; he would say that he couldn't take it because it was "underwear water and then he would get sexually entranced by her."[1] When Marban would reject his advances, Pedro would mock her and state that she was dating another EHC employee.

19. On other occasions Pedro would come up from behind Sonia, stare at her buttocks in front of other employees, and "lick his lips like a dog" in a mocking fashion.

20. Marban continually rejected all of Pedro's advances during 2020, and he started to become meaner and more aggressive. During one incident, Pedro threw bacon covered grease trays at Sonia. Pedro then said "fuck that bitch, she's useless anyways." Pedro struck Sonia so hard that it resulted in a giant bruise and she had to go to a medical clinic for treatment.

21. In September 2020, Daniel used tongs to pinch Sonia's arm very aggressively. This resulted in bruising to her arm.

22. Further complicating matters for Sonia, one of her managers "Cesar" began partaking in the harassing behavior of her after the original HR report was filed. He accused her of dating the EHC employee that encouraged her to file a report and he would mock her by stating that he saw them kissing.

23. Additionally, after the Report complained about Eddie, Pedro, and Daniel; Cesar began assigning Sonia additional tasks to make her life more difficult.

24. Cesar would also directly harass Marban. For example, when she was cleaning items such as trays, Cesar would say: "Do it quicker, like you're giving a handjob;" and then he would ask her "are your panties wet?"

---

[1] All of the players in these incidents are Spanish speakers; and these are translations of Spanish sayings or slang that may not translate perfectly to English.

25. Cesar would also pile items on her station to the point that she couldn't lift them; or he would put hot grills on her station without steeping them in water to cool them, as was EHC protocol. On one occasion, Sonia ended up burning three of her fingers as a result of Cesar's conduct.

26. Sometime in or about October 2020, Sonia spoke to "Jim" in Egg Harbor HR about the various physical injuries and conduct she had to endure. Jim instructed Sonia to file a police report, which she did.

27. Thereafter, Marban spoke to "Vanessa" and "Jessica" in the Egg Harbor Highland park location about her issues. They said they might be able to help her, but nothing resulted.

28. During the third or fourth week of October 2020, shortly after Sonia filed the police report, she checked the new Egg Harbor schedule and she did not have any time or hours. Bruce, one of the managers at Egg Harbor told her there was no more work for her and that she had been let go.

29. Marban has been in therapy for the harassment she had to endure.

**COUNT I**
**SEXUAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII**

30. Plaintiff realleges paragraphs 1 through 29 as though fully set forth herein.

31. Title VII of the Civil Rights Act of 1991, 42 U.S.C. §2000(e), et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

32. Physical or verbal unwelcome sexual conduct by an individual of a quid pro quo nature or that has the purpose or effect of creating an intimidating, hostile, or offensive work environment, is actionable under Title VII of the Civil Rights Act of 1991.

33. Defendant failed to take proper preventive, corrective, or remedial action to protect Plaintiff from sexual discrimination and harassment or to remedy the discrimination and harassment she suffered.

34. By its conduct as alleged herein, Defendant subjected Plaintiff to sexual discrimination and harassment in violation of Title VII of the Civil Rights Act of 1991.

35. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from sexual discrimination and harassment.

36. As a direct and proximate result of Defendant's actions and omissions, Plaintiff suffered injuries, including but not limited to: physical injuries and bruising, extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, lost back wages, lost front waghes, and damage to her career, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Egg Harbor Cafe II, Inc. on Count I and that it:

a) Declare that Defendant's conduct was in violation of Title VII of the Civil Rights Act as amended;
b) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendant's unlawful conduct;
c) Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;
d) Award Plaintiff damages for emotional distress and compensatory damages;
e) Award Plaintiff punitive damages;
f) Award Plaintiff reasonable attorney's fees, costs, and disbursements;
g) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them from engaging in any unlawful employment practice;
h) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

i) Award Plaintiff any and all other relief as the Court deems just in the premises.

j)

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII**

37. Plaintiff realleges paragraphs 1 through 36 as though fully set forth herein.

38. Title VII of the Civil Rights Act of 1991, specifically 42 U.S.C. §2000(e)(3), makes it unlawful for an employer to discriminate against any employee because she has opposed any unlawful employment practice or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing pursuant to Title VII.

39. By its conduct as alleged herein, Defendant discriminated and retaliated against Plaintiff for exercising her rights under Title VII and opposing and reporting an unlawful employment practices, including filing police reports against Defendant's employees and agents. Defendant's conduct in terminating Plaintiff's employment illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliatory conduct.

40. As a direct and proximate result of Defendant's actions and omissions, Plaintiff suffered injuries, including but not limited to: physical injuries including bruising, extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, and damage to her career, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Egg Harbor Cafe II, Inc. on Count I and that it:

a) Declare that Defendant's conduct was in violation of Title VII of the Civil Rights Act as amended;
b) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendant's unlawful conduct;
c) Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d) Award Plaintiff damages for emotional distress and compensatory damages;
e) Award Plaintiff punitive damages;
f) Award Plaintiff reasonable attorney's fees, costs, and disbursements;
g) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them from engaging in any unlawful employment practice;
h) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and
i) Award Plaintiff any and all other relief as the Court deems just in the premises.

**COUNT III**
**SEXUAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF ILLINOIS HUMAN RIGHTS ACT**

41. Plaintiff realleges paragraphs 1 through 40 as though fully set forth herein.

42. The Illinois Human Rights Act ("IHRA") makes it unlawful for an employer, an employee, or any agent of an employer to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

43. Physical or verbal unwelcome sexual conduct by an individual of a quid pro quo nature or that has the purpose or effect of creating an intimidating, hostile, or offensive work environment, is actionable under the Illinois Human Rights Act.

44. By their conduct as alleged herein, Defendant subjected Plaintiff to sexual discrimination and harassment in the workplace and a sexually hostile and offensive work environment.

45. Defendant failed to take proper preventative, corrective, or remedial action to protect Plaintiff from sexual discrimination and harassment or to remedy the discrimination and harassment she suffered.

46. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from sexual discrimination and harassment.

47. As a direct and proximate result of Defendant's actions and omissions, Plaintiff suffered injuries, including but not limited to: physical injuries including bruising, extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, and damage to her career, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Egg Harbor Cafe II, Inc. on Count III and that it:

a) Declare that Defendant's conduct was in violation of the Illinois Human Rights Act;
b) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendant's unlawful conduct;
c) Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;
d) Award Plaintiff damages for emotional distress and compensatory damages;
e) Award Plaintiff reasonable attorney's fees, costs, and disbursements;
f) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them from engaging in any unlawful employment practice;
g) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and
h) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT IV
## RETALIATION IN VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

48. Plaintiff realleges paragraphs 1 through 81 as though fully set forth herein.

49. The Illinois Human Rights Act makes it unlawful for an employer, an employee, or any agent of an employer to discriminate against any employee because she has opposed any

unlawful employment practice or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing pursuant to the Illinois Human Rights Act.By their conduct as alleged herein, Defendant retaliated against Plaintiff for exercising her rights under the Illinois Human Rights Act in opposing and reporting an unlawful employment practice.

51. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliatory conduct.

52. As a direct and proximate result of Defendant's actions and omissions, Plaintiff suffered injuries, including but not limited to extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, and damage to her career, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Egg Harbor Cafe II, Inc. on Count IV and that it:

a) Declare that Defendant's conduct was in violation of the Illinois Human Rights Act;
b) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendant's unlawful conduct;
c) Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;
d) Award Plaintiff damages for emotional distress and compensatory damages;
e) Award Plaintiff reasonable attorney's fees, costs, and disbursements;
f) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;
g) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent retaliation; and
h) Award Plaintiff any and all other relief as the Court deems just in the premises.

**COUNT V**
**ILLINOIS GENDER VIOLENCE ACT**

53. Plaintiff realleges paragraphs 1 through 52 as though fully set forth herein.

54. By the conduct as alleged herein, Defendant violated the Illinois Gender Violence Act, 740 ILCS 82/1, *et. seq.*

55. Defendant was provided with actual notice that “Eddie”, “Pedro” and “Daniel” were both sexually harassing Plaintiff and physically abusing her. Moreover, the acts of physical violence performed by these individuals towards Defendant were performed in an open kitchen on Defendant’s premises, and witnessed by multiple workers.

56. Defendant had an affirmative duty to protect Plaintiff from foreseeable harms, including sexual assaults by her coworkers.

57. Given that Defendant was advised that “Eddie”, “Pedro” and “Daniel” were harassing and battering Plaintiff, Defendant possessed an affirmative duty to control protect Plaintiff by: terminating “Eddie”, “Pedro” and “Daniel”; separating “Eddie”, “Pedro” and “Daniel” from Plaintiff; and/or taking other actions to protect Plaintiff.

58. Defendant failed to take any appropriate corrective measures to control “Eddie”, “Pedro” and “Daniel”, which emboldened them and caused them to engage in additional batteries towards Plaintiff.

59. As a direct and proximate result of Defendant’s actions and omissions, Plaintiff suffered injuries, including but not limited to: physical injuries including bruising, physical pain, extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, and damage to her career, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendant Egg Harbor Cafe II, Inc. on Count Vand that it:

a) Award Plaintiff compensatory damages;
b) Award Plaintiff emotional distress damages;
c) Award Plaintiff punitive damages;
d) Award Plaintiff reasonable attorney's fees, costs, and disbursements; and
e) Award Plaintiff any and all other relief as the Court deems just in the premises.

**COUNT VI**
**BATTERY**

60. Plaintiff realleges paragraphs 1 through 59 as though fully set forth herein.

61. By the conduct as alleged herein, Defendant willfully and intentionally permitted its employees and agents to physically and sexually batter Plaintiff without her consent or authorization.

62. Defendant's improper actions were willful and deliberate in light of the fact that the "Eddie", "Pedro" and "Daniel" intentionally caused unwanted touchings towards Plaintiff; Defendant was advised of this conduct; and Defendant took no action to bring an end to this conduct.

63. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries, including but not limited to: physical injuries including bruising, extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, and damage to her career, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Egg Harbor Cafe II, Inc. on Count VI and that it:

a) Award Plaintiff compensatory damages;
b) Award Plaintiff emotional distress damages;
c) Award Plaintiff punitive damages;
d) Award Plaintiff court costs and disbursements; and
e) Award Plaintiff any and all other relief as the Court deems just in the premises.

**SONIA MARBAN**

**/s/Daniel I. Schlade**
By Her Attorney

Daniel I. Schlade
James M. Dore
Dore Law Offices, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
danschlade@gmail.com
james@dorelawoffices.com

# EXHIBIT A

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Sonia Marban**
**c/o Daniel Schlade**
**Attorney at Law**
**Justicia Laboral LLC**
**6232 North Pulaski Road, # 300**
**Chicago, IL 60646**

From: **Chicago District Office**
**230 S Dearborn Street**
**Suite 1866**
**Chicago, Illinois 60604**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2021-02557** | **Kara Mitchell, Investigator** | **(312) 872-9702** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission:

Julianne Bowman/eh

**Julianne Bowman,**
**District Director**

3/15/2022
*(Date Mailed)*

Enclosures(s)

cc: **EGG HARBOR CAFE**

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

# EXHIBIT B

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

**IN THE MATTER OF:**

SONIA MARBAN, COMPLAINANT, ) CHARGE NO. 2021CR2641

AND

EGG HARBOR CAFE, INC., RESPONDENT.

**NOTICE OF DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE AND ORDER OF CLOSURE**

For Complainant

Daniel Schlade
Justicia laboral, LLC
6232 North Pulaski Road
Suite 300
Chicago, IL 60646

For Respondent

Chief Executive Officer
Egg Harbor Cafe, Inc.
Lake Forest Plaza
512 N. Western Ave.
Lake Forest, IL 60045

DATE OF DISMISSAL: April 6, 2022

1. YOU ARE HEREBY NOTIFIED that the Department has not received a timely request to review the EEOC determination of no cause, a copy of which is enclosed. Based upon the enclosed determination, the DEPARTMENT OF HUMAN RIGHTS (DHR) finds that there is NOT substantial evidence to support the allegations of the charge(s). Accordingly, pursuant to Section 7A-102(A-1) (3)(a) of the Human Rights Act (775 ILCS 5/1-101 et. seq.) and its Rules and Regulations (56 Ill. Adm. Code. Chapter II, Section 2520.560), the charge is HEREBY DISMISSED and CLOSED.

2. Complainant may commence a civil action against Respondent in the appropriate state circuit court or other appropriate court of competent jurisdiction within ninety (90) days after receipt of this Notice. A complaint should be filed in the circuit court in the county where the civil rights violation was allegedly committed. **If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately:** EEOC, John C. Kluczynski Federal Building, 230 South Dearborn Street, Suite 1866, Chicago, Illinois 60604.

**Please note that the Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.**

3. Complainant is hereby notified that the charge(s) are dismissed with prejudice with no right to further proceed if a timely written complaint is not filed with the appropriate circuit court.

DEPARTMENT OF HUMAN RIGHTS

**STATE OF ILLINOIS ) ) ss COUNTY OF COOK )**

**CHARGE NO. 2021CR2641**

**AFFIDAVIT OF SERVICE**

Margaret Lindenberg , deposes and states that s/he served a copy of the attached **NOTICE OF DISMISSAL AND ORDER OF CLOSURE** on each person named below by depositing the same on April 6, 2022 , in the U.S. Mail Box at 555 West Monroe Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses as follows:

For Complainant

Daniel Schlade
Justicia laboral, LLC
6232 North Pulaski Road
Suite 300
Chicago, IL 60646

For Respondent

Chief Executive Officer
Egg Harbor Cafe, Inc.
Lake Forest Plaza
512 N. Western Ave.
Lake Forest, IL 60045

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Margaret Lindenberg

**PLEASE NOTE:**

The above-signed person is responsible only for mailing these documents. Illinois Department of Human Rights' staff are not permitted to discuss the investigation findings once a Notice of Dismissal or Order of Closure has been issued.